**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 16 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARK RONALD PRAY, | No. 14-15698 |
| Petitioner - Appellant, | D.C. No. 3:03-cv-00608-JCM-VPC |
| v. | |
| CRAIG FARWELL and NEVADA ATTORNEY GENERAL, | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted May 14, 2015
San Francisco, California

Before:  THOMAS, Chief Judge, OWENS, Circuit Judge, and COLLINS,** Chief District Judge.

Petitioner/Appellant, Mark Ronald Pray, a Nevada state prisoner serving two

consecutive life sentences for first degree murder, appeals from the district court's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Raner C. Collins, Chief District Judge for the U.S. District Court for the District of Arizona, sitting by designation.

denial of his application for a writ of habeas corpus. The bizarre facts underlying Pray's conviction are fully recounted by the Nevada Supreme Court in *Pray v. State*, 959 P.2d 530, 531 (Nev. 1998). The district court certified one issue for appeal; Plaintiff appealed on the certified issue and two other uncertified issues.

As to the uncertified issues, we find that Pray fails to establish that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further as required by *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

As to the certified issue—whether Pray's constitutional right to effective counsel was violated where trial counsel failed to deliver on his promise to the jury that Pray would testify—we affirm the district court's decision.

## STANDARD OF REVIEW

We review de novo a district court's denial of a petition for writ of habeas corpus. *Estrada v. Scribner*, 512 F.3d 1227, 1235 (9th Cir. 2008). Generally, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, applies to all habeas petitions filed after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, a state prisoner may not obtain federal habeas relief for any claim that was adjudicated on the merits by

a state court unless the state court's decision was 1) "contrary to" clearly established federal law as determined by the Supreme Court, 2) "involved an unreasonable application of" such clearly established law, or 3) "was based on an unreasonable determination of the facts" in light of the record before the state court. 28 U.S.C. § 2254(d); *Harrington v. Richter*, 562 U.S. 86, 99 (2011). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* at 101.

For any habeas claims not adjudicated on the merits by the state court, federal courts review the claim de novo without the deference usually accorded to state courts under 28 U.S.C. § 2254(d)(1). *Chaker v. Crogan*, 428 F.3d 1215, 1221 (9th Cir. 2005). Additionally, there is no special standard of review for ineffective assistance of counsel claims in habeas proceedings because the writ's central concern is fundamental fairness. *Strickland v. Washington*, 466 U.S. 668, 697-98 (1984); *Rompilla v. Beard*, 545 U.S. 374, 390 (2005) (reviewing *Strickland* prejudice de novo because the state court decision did not reach the question presented).

In this case, the Nevada Supreme Court only addressed whether trial counsel was ineffective for failing to call Pray as a witness. While noting that "trial counsel

did state that Pray would testify during opening statements," the Nevada Supreme Court found that Pray "failed to demonstrate that his counsel was deficient by advising Pray not to take the stand in his own defense." The district court agreed that the Nevada Supreme Court "did not address the crux of Pray's claim—i.e., that counsel created an expectation for the jury that he subsequently failed to meet." As such, we review this claim de novo.

## TRIAL COUNSEL'S DECISION NOT TO CALL PRAY WAS STRATEGIC

Pray argues that he received constitutionally ineffective representation because during jury selection and opening statements in Pray's trial, trial counsel made statements to the jury to the effect that Pray would be testifying as to what transpired on the night of the murder and then failed to deliver on these "promises" because Pray never took the stand. During closing arguments, trial counsel explained to the jury that he had made the strategic decision not to call Pray to testify because he believed that the State had not proved its case. Pray argues that trial counsel's failure to deliver on the promises that Pray would testify created a negative inference with the jury and led to his conviction.

To prevail on a claim that his counsel was constitutionally ineffective, a petitioner must establish 1) that counsel's representation "fell below an objective standard of reasonableness," and 2) that counsel's deficient performance

prejudiced the petitioner such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

To avoid the "distorting effects of hindsight," we are required to "reconstruct the circumstances of counsel's challenged conduct" and "evaluate the conduct from counsel's perspective at the time." *Id*. at 689. We must also "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.*

On appeal, Pray bases his argument that trial counsel was ineffective on this court's recent holding that "[c]ounsel may render constitutionally ineffective assistance when counsel breaks a promise to the jury that the defendant will testify." *Mann v. Ryan*, 774 F.3d 1203, 1212 (9th Cir. 2014) (citing *United States ex rel. Hampton v. Leibach*, 347 F.3d 219, 258 (7th Cir. 2003) (counsel's performance objectively unreasonable where counsel told the jury in his opening statement that defendant would testify about the circumstances of the alleged offense, but then declined to call the defendant to the witness stand for reasons that

were apparent at the time he made his opening statement; sufficient prejudice where sole evidence against the defendant was other eyewitness testimony, and defense counsel's opportunity to contradict and cast doubt on that testimony was critical to the defense); *Ouber v. Guarino*, 293 F.3d 19, 22, 30 (1st Cir. 2002) (defense counsel's trial performance deficient where counsel failed to put the defendant on the stand after telling the jury four times in his opening statement that the defendant would testify; sufficiently prejudicial where inculpatory evidence was so underwhelming it had resulted in two prior hung juries); *McAleese v. Mazurkiewicz*, 1 F.3d 159, 166-167 (3rd Cir. 1993); *Harris v. Reed*, 894 F.2d 871, 879 (7th Cir. 1990) (finding counsel's performance deficient and sufficiently prejudicial where counsel promised the jury evidence that another suspect committed the crime and then failed to call any defense witnesses without explanation to the jury as to the change in strategy)). "In those circumstances, defense counsel made a specific promise to the jury to present important evidence, such as the defendant's testimony or other evidence central to the defense." *Id.* at 1213. "And in each case, defense counsel made an about-face by declining to present the promised evidence in the absence of unforeseen circumstances that would have justified the change in strategy." *Id.*

In the present case, however, we find that Pray's counsel's decision not to call Pray to testify (even after promising to the jury that Pray would testify) was strategic and within an objective standard of reasonableness. Pray asserted a defense of justifiable homicide at trial. During opening statements and jury selection, Pray's counsel anticipated that Pray would have to testify to support his defense. However, during the prosecution's case-in-chief, the prosecution allowed many of Pray's statements made on the night in question to come in through the testimony of the police officers who investigated the case the case. As a result, much of what Pray would have testified to in support of his defense was introduced via the testimony of the investigating officers. Pray's counsel explained to the jury in his closing argument that his choice to no longer have Pray testify was strategic. We agree and find that, in this case, Pray's trial counsel's decision to renege on his promise to the jury that Pray would testify was well within an objective standard of reasonableness.

**AFFIRMED.**